FILED

JUN 2 2015

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 3:15CR240-MHT-CSC |
| | ) | [18 U.S.C. § 924(c)(1)(A)(i) & (ii); |
| STEPHEN HOWARD | ) | 21 U.S.C. § 813; |
| | ) | 21 U.S.C. § 841(a)(1); |
| | ) | 21 U.S.C. § 844(a)] |
| | ) | |
| | ) | INDICTMENT |

The Grand Jury charges that:

## COUNT 1

On or about May 7, 2015, in Lee County, within the Middle District of Alabama, the defendant,

**STEPHEN HOWARD**,

did knowingly and intentionally possess with intent to distribute 1,4-butanediol (also known as "BD"), and did distribute 1,4-butanediol, being a controlled substance analogue as defined in Title 21, United States Code, Section 802(32), knowing the substance was intended for human consumption as provided in Title 21, United States Code, Section 813. All in violation of Title 21, United States Code, Sections 813 and 841(a)(1).

## COUNT 2

On or about May 14, 2015, in Lee County, within the Middle District of Alabama, the defendant,

**STEPHEN HOWARD**,

did knowingly and intentionally possess with intent to distribute 1,4-butanediol, and did distribute 1,4-butanediol, being a controlled substance analogue as defined in Title 21, United

States Code, Section 802(32), knowing the substance was intended for human consumption as provided in Title 21, United States Code, Section 813. All in violation of Title 21, United States Code, Sections 813 and 841(a)(1).

## COUNT 3

On or about May 14, 2015, in Lee County, within the Middle District of Alabama, the defendant,

### STEPHEN HOWARD,

did knowingly brandish, carry, and use a firearm to wit: a Ruger LC 9 millimeter pistol, a better description of which is unknown to the Grand Jury, during and in relation to a drug trafficking crime for which he may be prosecuted in a Court of the United States, to wit: possession with intent to distribute 1,4-butanediol, an analogue of a controlled substance, as charged in Count 2 of this Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

## COUNT 4

On or about May 22, 2015, in Lee County, within the Middle District of Alabama, the defendant,

### STEPHEN HOWARD,

did knowingly and intentionally possess with intent to distribute 1,4-butanediol, a controlled substance analogue as defined in Title 21, United States Code, Section 802(32), knowing the substance was intended for human consumption as provided in Title 21, United States Code, Section 813. All in violation of Title 21, United States Code, Sections 813 and 841(a)(1).

## COUNT 5

Beginning from an unknown date and continuing through in or about May 22, 2015, the exact dates being unknown to the Grand Jury, in Lee County, within the Middle District of Alabama, the defendant,

STEPHEN HOWARD,

did knowingly possess a firearm, to wit: a Mossberg Maverick Model 88 shotgun, a better description of which is unknown to the Grand Jury, during and in relation to, and in furtherance of, a drug trafficking crime for which he may be prosecuted in a Court of the United States, to wit: possession with intent to distribute 1,4-butanediol, an analogue of a controlled substance, as charged in Count 4 of this Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 6

On or about May 22, 2015, in Lee County, within the Middle District of Alabama, the defendant,

STEPHEN HOWARD,

did knowingly and intentionally possess a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 844(a).

## FORFEITURE ALLEGATION-1

A.    The allegations contained in Counts 1–6 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

B.    Upon conviction of the offenses in violation of Title 21, United States Code, Sections 841(a)(1), set forth in Counts 1–2 and 4 of this Indictment, the defendant,

STEPHEN HOWARD,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from proceeds obtained directly or indirectly as a result of the said violations and any and all property used or intended to be used in any manner or part to

commit and to facilitate the commission of the offenses. The property includes, but is not limited to, the following:

(1) a Ruger LC 9 millimeter pistol; and,

(2) a Mossberg Maverick Model 88 shotgun.

C. If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 21, United States Code, Section 853.

## FORFEITURE ALLEGATION-2

A. The allegations contained in Counts 3 and 5 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d)(1), by Title 28, United States Code, Section 2461(c).

B. Upon conviction of the offenses in violation of Title 18, United States Code, Section 924(c)(1)(A)(i) and (ii), set forth in Counts 3 and 5 of this Indictment, the defendant,

**STEPHEN HOWARD,**

4

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), by Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offenses including, but not limited to, the following:

    (1)    a Ruger LC 9 millimeter pistol; and,

    (2)    a Mossberg Maverick Model 88 shotgun.

    C.    If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

    (1)    cannot be located upon the exercise of due diligence;

    (2)    has been transferred or sold to, or deposited with, a third party;

    (3)    has been placed beyond the jurisdiction of the court;

    (4)    has been substantially diminished in value; or

    (5)    has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 924(d)(1), by Title 28, United States Code, Section 2461(c).

A TRUE BILL:

/s/ *[signature]*
Foreperson

GEORGE L. BECK, JR.
UNITED STATES ATTORNEY

/s/ Verne H. Speirs
Verne H. Speirs
Assistant United States Attorney

/s/ Jonathan S. Ross
Jonathan S. Ross
Assistant United States Attorney

/s/ Kevin P. Davidson
Kevin P. Davidson
Assistant United States Attorney